The order below is hereby signed.

Signed: February 11, 2008.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
HUMBERTO T GONZALES,           )    Case No. 07-00466
                               )    (Chapter 11)
          Debtor.              )    Not for Publication in
                                    West's Bankruptcy Reporter

MEMORANDUM DECISION AND
ORDER RE MOTION FOR RULE 2004 EXAMINATION

Under consideration is the motion of Sean Newman for a Rule 2004 examination of the debtor, and the debtor's opposition thereto (which appears to have been filed out of time). Rule 45(a)(2) and (3) of the Federal Rules of Civil Procedure, applicable to a Rule 2004 examination, contemplate that an examination of the debtor or a production of documents shall take place within the district whence the order authorizing such issued, and, accordingly, the debtor is correct that the examination ought to occur in this district. Despite the untimeliness of the debtor's opposition, the court will sustain that part of the opposition.

The debtor also objects to the examination being held just two days after his response to the motion was filed. But that

short time period arose from the debtor's belatedness in filing his opposition.  The deadline for complaints for the determination of nondischargeability of certain types of debts held by Newman expires on February 19, 2008 (because February 18, 2008, is a Federal holiday).  The debtor's objection to the potential merits of such a complaint are not germane to whether a Rule 2004 examination should proceed.  The debtor's belated response (which the court did not notice until recently was out of time) delayed the entry of an order that otherwise would have issued some time ago, and which would have resulted in the examination being completed prior to the complaint deadline. Newman's examination of the debtor and his records should proceed prior to the expiration of the deadline of February 19, 2008, and if conflicts in counsels' schedules make that impossible, the court would look sympathetically on a timely request by February 19, 2008, for a further extension of the deadline for a complaint to determine the dischargeability of debts.

It is thus

ORDERED that the debtor shall appear for an examination under Rule 2004 on February 15, 2008 at 10:30 a.m.--or such other date and time to which the parties may agree or that Newman's counsel may specify in writing delivered on a business day to debtor's counsel (via e-mail or fax or hand-delivery) at least 3 days prior to the examination--at a location in Washington, D.C.

specified by Newman's counsel in writing (via e-mail or fax or hand-delivery) to the debtor's counsel by noon on February 14, 2008 (or such other location to which the parties may agree). It is further

ORDERED that on February 14, 2008 (or such other date to which the parties agree or that Newman's counsel specifies in writing on a business day at least 3 days beforehand) Debtor Humberto T. Gonzales a/k/a Humberto T. Gonzalez shall produce and deliver for examination and photocopying the following documents listed, at a time and to a location in Washington, D.C. specified by Newman's counsel in a writing delivered to debtor's counsel by noon on February 13, 2008 (or on a business day at least 3 days beforehand), or such time and location as to which the parties may agree:

> all documents relating to the security offered for the debt owed to Newman in the original principal amount of $700,000.00 loaned to the Debtor, Francisco Gonzalez a/k/a Gonzales and Felina Gonzalez/Gonzales, including but not limited to, any deeds of trust, mortgages, notes, powers of attorney, HUD-1's, loan closing instructions, commitments, commitments, policies, as well as any correspondence regarding said loan and security agreements including electronic mail and other electronically-stored documents and communications, and any and all documents including electronic mail or other electronic transmissions evidencing communications with Francisco and/or Felina Gonzalez regarding said loan and the security for the same including but not limited to any real property owned by them in Broward or Miami-Dade County, Florida.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; David A. Rosen, Esq.