The document below is hereby signed.

Signed: August 11, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HUMBERTO T. GONZALES, | ) | Case No. 07-00466 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER (1) DENYING
CREDITOR OCEAN POINT ASSOCIATION, INC.'S, MOTION FOR
LEAVE TO FILE AN OPPOSITION TO DEBTOR'S MOTION TO SELL
REAL PROPERTY AND (2) STRIKING DEBTOR'S COUNTER MOTION FOR
<u>ORDER COMPELLING PERFORMANCE OR, IN THE ALTERNATIVE, DAMAGES</u>

Ocean Point Association, Inc. seeks leave to file an untimely response to the debtor's motion to sell real property known as 345 Ocean Drive, Unit 616, Miami Beach, Florida 33137 (the "Property") because Ocean Point Association, Inc. wishes to exercise its right of first refusal to purchase the Property. But the court has already granted the debtor's motion to sell the Property. Accordingly, the Association's motion must be denied. The debtor's opposition asserts a counter-motion seeking to compel the Association to issue papers to facilitate the sale or, alternatively, to pay damages. That counter-motion will be stricken.

I

The debtor filed his motion to sell the Property on March 4, 2009, accompanied by a motion to shorten the time for objections to the sale to five days.  By an order entered on March 9, 2009, the court granted the motion to shorten time, stating:

> After a review of the pleadings in this matter and of the file, the Court finds that there is good cause shown to shorten the time to respond and that no prejudice will come to any creditor on account of the shortened time. The Court finds that the automatic stay was lifted regarding this property because there is no equity in the property, which continues to be the case as demonstrated by the fact that the lender that is secued [sic] by the property is absorbing more than a two hundred thousand dollar ($200,000) loss in order to receive a payment of two hundred twenty-five thousand dollars ($225,000.) It is, therefore, the finding of this Court that there will be no prejudice to the estate or to creditors of the estate if the sale happens on an expedited basis.  The motion is therefore GRANTED.  The time to respond to the motion is hereby shortened to FIVE (5) days from the date of service of the motion.

That made oppositions to the motion to sell due by March 16, 2009, twelve days after filing of the motion (because, in computing the deadline under Fed. R. Bankr. P. 9006, the intervening weekend did not count and three days were added because service was by mail).  No timely opposition was filed.

The court granted the motion to sell by an order entered on March 17, 2009.  Not until July 16, 2009, did the Association file its motion.  In its motion for leave to file the untimely opposition, the Association contends that:

2

>     3. Pursuant to 11 U.S.C. § 363, the sale of the Property requires a notice and hearing. A hearing on Debtor's Motion has not yet been scheduled.
>     4. Ocean Point just recently retained counsel on July 6, 2009.
>     5. The Property at issue in the Debtor's Motion is a condominium, governed by an Association, and is subject to the Declaration of Condominium of The Ocean Point, A Condominium (the "Declaration"). . . .
>     6. Section 13.1(a) of the Declaration provides that, "Sale: No apartment owner may dispose of or convey an apartment or any interest therein by sale without written approval of the Association." Furthermore, Section 13.3(a) of the Declaration states that in the event that the Association disapproves a proposed sale, the Association has the right of first refusal to purchase the unit at the price listed in the disapproved sales contract.
>     7. In paragraph 5 of its Motion, Debtor proposes a sale of the Property to his "relatives." (Debtor's Mot., ¶ 5). Debtor states that Wells Fargo, who owns the Note securing the Property, agreed to a short-sale for two hundred twenty five thousand dollars ($225,000) plus waiver of all claims against the Estate. (Debtor's Mot., ¶¶ 3, 5).
>     8. The Association disapproves of the proposed sale and wishes to exercise its right of first refusal. Though the Association has already informed the Debtor of its disapproval and intention, Debtor has refused to cooperate with the Association.
>     9. It is in the interests of justice to allow Ocean Point leave to file an opposition to Debtor's Motion. Ocean Point's opposition was delayed because it attempted to address the matter directly with the Debtor believing that he would adhere to the Declaration. The Association retained counsel in this matter only after Debtor's continued refusal to cooperate and failure to acknowledge the terms to which he is bound. Leave to file an opposition would not prejudice the Debtor as Ocean Point has already drafted and filed its opposition and no hearing as yet been scheduled on Debtor's Motion.

The debtor has filed an opposition, noting that the Association does not suggest that it has obtained any agreement from the lender to permit a sale in which the lender accepts less than the

amount owed it.  The debtor also has included in its opposition a Counter Motion for Order Compelling Performance or, in the Alternative, Damages.

## II

No hearing was required on the motion to sell as the notice of opportunity to oppose the motion (and thereby to obtain a hearing) met the requirements of notice and a hearing.  See 11 U.S.C. § 102(1)(B).  Any relief from the order approving the sale must be pursued by a separate motion setting forth grounds for vacating the order approving the sale, with the debtor to have the usual eleven days after service within which to oppose the motion to vacate.

## III

If the right of first refusal has *not* expired (which would appear to turn on whether the debtor gave notice that has caused the right to expire), it is not at all clear to me that the Association needs to have the order approving the sale vacated in order to preserve its right of first refusal.  Outside of bankruptcy, if the debtor entered into a contract of sale, the Association, upon notification of that contract, could proceed to exercise its right of first refusal.  The filing of bankruptcy generally does not alter a debtor's property rights.  The sale motion was not a motion to sell the property free and clear of any interest of the Association in the Property.  In other words,

4

it would appear that the contract of sale of the Property entered into and approved during the bankruptcy case would be subject to the Association's right of first refusal (unless the debtor can convince me to the contrary).

But the right of first refusal would appear to be an academic right if the Association cannot obtain the agreement of Wells Fargo, the lender whose claim is secured by the Property, to accept $250,000 in extinguishment of its secured claim.  If, however, the Association *can* obtain that agreement from Wells Fargo, then the interests of the estate would appear to be equally well served by a sale to the Association instead of a sale to the purchasers under the contract approved by the court.

IV

If the right of first refusal *has* expired, then it would appear that under nonbankruptcy law the debtor is entitled to have the Association perform any obligations it has under nonbankruptcy law to facilitate the sale.  The debtor's Counter Motion seeks to compel the Association to facilitate the sale or, alternatively, monetary damages.  Under Fed. R. Bankr. P. 7001, the debtor's Counter Motion for Order Compelling Performance or, in the Alternative, Damages ought to have been brought as an adversary proceeding as it seeks injunctive relief and a recovery of money.

V

In accordance with the foregoing, it is

ORDERED that Creditor Ocean Point Association, Inc.'S, Motion for Leave to File an Opposition to Debtor's Motion to Sell Real Property (Dkt. No. 273) is DENIED. It is further

ORDERED that the Debtor's Counter Motion for Order Compelling Performance Or, in the Alternative, Damages (contained in the debtor's opposition (Dkt. No. 297) to the creditor's motion) is STRICKEN.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; Thomas M. Dunlap, Esq.